IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CASEL F. LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:21-cv-00296 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ANDREA WHITLAW & ) | United States District Judge |
| DR. ROBERT BUNCHER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Casel F. Lucas, a Virginia inmate and military veteran, filed a pro se complaint[1] against defendants Andrea Whitlaw (allegedly of the United States Department of Veterans Affairs, Roanoke Regional Office ("VA")) and Dr. Robert Buncher (allegedly of the McGuire VA Medical Center), claiming that they discriminated against him while making his disability determination for the Department of Veterans Affairs in violation of the Americans with Disabilities Act (ADA) and the Virginia Rights of Persons with Disabilities Act (VRPDA). (Am. Compl., Dkt. No. 23.) Specifically, the complaint asserts that, during a telemedical PTSD examination at Lawrenceville Correctional Center in April 2010, defendants discriminated against Lucas by giving him a lower disability rating than what allegedly would have corresponded with his Global Assessment of Function (GAF) score based solely upon his "criminal behavior" and status of incarceration, as opposed to his PTSD symptomology.[2] (*Id.*)

Upon review of the complaint, the court concludes that the complaint fails to state a cause

---

[1] He first filed this action in the United States District Court for the Eastern District of Virginia, which transferred the case here. (Dkt. Nos. 1, 6.) Though Lucas' original complaint characterized the cause of action as an "administrative tort," this amended complaint now reflects statutory claims.

[2] Lucas claims that his GAF score was 50—corresponding to a 70% disability rating score—but Whitlaw and Dr. Buncher only approved a 10% rating.

of action for two independent reasons. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1). *Cf. Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006) (holding that a court may *sua sponte* dismiss a complaint as time barred on initial review pursuant to 28 U.S.C. § 1915); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (explaining that a court may summarily dismiss a complaint when it is clear from its face that the claims are barred by the applicable statute of limitations).

First, although Lucas claims to bring this action under federal and state disability discrimination statutes, in substance it appears that he is challenging the VA's determination of the degree of his disability with respect to benefits. However, subject to exceptions not relevant here, veterans' disability determinations are not reviewable in federal district court. *See Carney v. Dep't of Veterans Affairs*, No. WMN–12–631, 2012 WL 2681414, at *2 (D. Md. July 5, 2012) (citing 38 U.S.C. § 511; *Johnson v. Robison*, 415 U.S. 361, 369–73 (1974)). Thus, to the extent Lucas challenges the VA's disability determination and seeks as a remedy the 70% disability rating to which he claims entitlement (Am. Compl. 6), that cause of action is not cognizable in this court.

Second, even if Lucas' substantive claim truly arose under the ADA and/or VRPDA, those claims must nevertheless be dismissed because it is clear from the face of the complaint that the claims are barred by the applicable statute of limitations. "Because Title II of the ADA does not contain a statute of limitations, courts must either apply the federal four-year catch-all limitations period or the state statute of limitations for the most analogous state-law claim." *Latson v. Clarke*, 249 F. Supp. 3d 838, 853–54 (W.D. Va. 2017) (citing *A Soc'y Without a Name, for People Without a Home, Millennium Future–Present v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011)). "The four-year federal catch-all period applies only to claims arising under statutes enacted after December 1, 1990, and the ADA was enacted a few months before that, on July 26, 1990." *Id.* at 854 (citing *A Soc'y Without a Name*, 655 F.3d at 347). "Therefore, as a general rule, 'the one-year limitations

period in the Virginia [Rights of Persons with] Disabilities Act applies to ADA claims brought in Virginia.'" *Id.* (citing *A Soc'y Without a Name*, 655 F.3d at 348).

The events on which Lucas' claims are based occurred in April 2010, approximately 11 years before he filed suit in April 2021. Moreover, although the Fourth Circuit has held that equitable tolling applies to the period during which a prisoner is exhausting his administrative remedies, *Battle v. Ledford*, 912 F.3d 708, 720 (4th Cir. 2019),[3] the complaint makes no allegations regarding exhaustion—let alone any that would indicate that the limitations period for either statutory claim was equitably tolled for about a decade.[4] As such, Lucas' complaint is also subject to dismissal as untimely.[5]

Accordingly, for the foregoing reasons, Lucas' complaint will be dismissed with prejudice for failure to state a claim. An appropriate order will follow.

Entered: June 26, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] Of note, *Battle* pertained to equitable tolling for § 1983 claims while an inmate pursued the prison grievance process, not a federal administrative remedial process for statutory claims unrelated to the conditions of confinement.

[4] The complaint does describe a grievance regarding Lucas' untimely receipt of documents relating to this case (Am. Compl. 8–14), but exhaustion as to that grievance cannot substitute for exhaustion as to the substantive claims. Any cause of action regarding denial of access to legal documents is not part of this suit against Whitlaw and Dr. Buncher; if Lucas believes his constitutional right to access the courts was infringed, he may file a separate lawsuit stating those allegations and naming the individuals who he believes violated his rights.

[5] In the alternative, to the extent that Lucas' state-law claim (but not his federal claim) could otherwise survive, the court declines to exercise supplemental jurisdiction over the state-law claim. 28 U.S.C. § 1367(c)(3).